IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| COPREZ COFFIE, | ) |
|        Plaintiff, | ) |
|        v. | ) 05C 6745 |
| CITY OF CHICAGO, OFFICER SCOTT KORHONEN, and OFFICER GERALD LODWICH, | ) Judge Holderman |
|        Defendants. | ) JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

Plaintiff, by his attorneys, LOEVY & LOEVY, complains of Defendants, CITY OF CHICAGO, OFFICER SCOTT KORHONEN, and OFFICER GERALD LODWICH (collectively, the "Defendant Officers"), as follows:

### Introduction

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper as Plaintiff is a resident of this judicial district and Defendant City of Chicago is a municipal corporation located here. Further, the events giving rise to the claims asserted herein all occurred within this district.


EXHIBIT A

## Background

4. Coprez Coffie is a 21 year-old resident of Chicago. He is employed as a security guard at a downtown hotel.

5. On or about August 28, 2004, Mr. Coffie was in an automobile that was pulled over by the Defendant Officers.

6. The Defendant Officers thereafter placed Mr. Coffie in their car and drove him to a nearby alley, where they commenced to question and search him.

7. During the course of the search one of the Defendant Officers jammed a screw-driver into Plaintiff's rectum. As a result of this barbarous act, Mr. Coffie experienced painful injuries and bleeding in his rectum.

8. Mr. Coffie received treatment for his injuries shortly after his release from the custody of the Chicago Police Department. The trauma to his rectum inflicted by the Defendant Officer was observed and memorialized by health care personnel.

## Count I -- 42 U.S.C. § 1983
### Excessive Force

9. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

10. As described in the preceding paragraphs, the conduct of one of the Defendant Officers toward Plaintiff constituted excessive force in violation of the United States Constitution.

11. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

12. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of misconduct can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to

3

that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

      d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

      e.    The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

      f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

      g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in row, the Office of Professional Standards ("O.P.S.") is forbidden by the City from considering those allegations if they are deemed unsustained; and

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

13. As a result of the unjustified and excessive use of force by one of the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

14. The misconduct described in this Count was undertaken by a Defendant Officer within the scope of his employment and under color of law such that his employer, CITY OF CHICAGO, is liable for their actions.

## COUNT II -- 42 U.S.C. § 1983
### Fourth Amendment

15. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

16. As described more fully above, Plaintiff was searched by one of the Defendant Officers in a manner which violated the Fourth Amendment.

17. The Defendant Officer's actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

18. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

19. As a result of the above-described wrongful conduct, as well as the City of Chicago's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

20. The misconduct described in this Count was undertaken by a Defendant Officer within the scope of his employment and under color of law such that his employer, CITY OF CHICAGO, is liable for his actions.

### Count III - 42 U.S.C. § 1983
### 14th Amendment - Substantive Due Process

21. All of the Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

22. In the manner described more fully above, one of the Defendant Officers deprived Plaintiff of Due Process in violation of the Fourteenth Amendment to the United States Constitution.

23. The Defendant Officer's actions set forth above were so arbitrary as to shock the conscience, and were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

24. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

25. As a result of the above-described wrongful conduct, as well as the City of Chicago's policy and practice,

Plaintiff has suffered pain and injury, as well as emotional distress.

26. The misconduct described in this Count was undertaken by a Defendant Officer within the scope of his employment and under color of law such that his employer, CITY OF CHICAGO, is liable for his actions.

### Count IV -- 42 U.S.C. § 1983
### Failure to Intervene

27. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

28. One of the Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had he been so inclined, but failed to do so.

29. As a result of the Defendant Officer's failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

30. The Defendant Officer's actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

31. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

32. The misconduct described in this Count was undertaken by a Defendant Officer within the scope of his employment and under color of law such that his employer, CITY OF CHICAGO, is liable for his actions.

### Count V -- State Law Claim
### Respondeat Superior

33. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

34. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

35. Defendant City of Chicago is liable as principal for all torts committed by its agents.

### COUNT VI -- State Law Claim
### Indemnification

36. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

37. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

38. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, COPREZ COFFIE, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, OFFICER SCOTT KORHONEN, and OFFICER GERALD LODWICH, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, COPREZ COFFIE, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/S/ Samantha Liskow
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Jon Rosenblatt
Samantha Liskow
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900

9